IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Hursey, Sr.,<br><br>            Petitioner,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br>            Respondents. | No.  CV-12-01606-PHX-SRB (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Petitioner Ronnie Hursey, Sr., who is confined in the Arizona State Prison Complex-Tucson, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).[1]

## BACKGROUND

On December 21, 2006, Petitioner was indicted in the Pinal County Superior Court ("Superior Court"), Case No. CR 2006-02093, with armed robbery (Count One) and aggravated assault (Count Two), both alleged as dangerous offenses. (Doc. 9-1, Exh. B.) The state filed a separate pretrial allegation of aggravating circumstances, including five prior felony convictions and other factors. (Doc. 9-1 at 3.) Following a jury trial, on May 5, 2008, Petitioner was found guilty of Count Two for aggravated assault with a deadly weapon or dangerous instrument, a class three felony and dangerous offense. (Doc. 10-2

---

[1] The Court granted Petitioner's Application to Proceed *In Forma Pauperis* on August 31, 2012. (Doc. 5.)

at 3-4.) [2] Prior to sentencing, Petitioner admitted three aggravating factors, including one prior felony conviction. (Doc. 10-5 at 39-44.) On June 3, 2008, the Superior Court found two prior felony convictions and sentenced Petitioner to a term of twelve years of imprisonment. (Doc. 10-2 at 3-4; Doc. 10-6 at 7, 13.) The underlying facts of Petitioner's conviction are summarized as follows:

> While attempting to leave a retail store with a computer for which they had not paid, Hursey and his brother were confronted by store employees J. and D. When D. attempted to detain the men, a physical confrontation ensued, during which Hursey struck D. Hursey and his brother then left the store, followed closely by D. and J. D. intended to try again to physically apprehend Hursey but, just outside the store, Hursey "pulled a knife, turned around and told [D. and J.] that he was going to cut [them] up."
>
> Fearing for his own and others' safety, D. yelled "knife," and he and J. "backed off," allowing Hursey and his brother to walk or run through the parking lot to their car. D. and J. "followed from what [D.] felt was a safe distance" and saw the two suspects get into their vehicle. Before they drove away, D. kicked out the red lens over one of the car's taillights in hopes of making the car easier for law enforcement officers to locate.

(Doc. 9-1 at 3-4.)[3]

In June of 2008, Petitioner filed a Notice of Appeal in the Arizona Court of Appeals. (Doc. 10-2 at 8.) In his following opening brief, dated December 17, 2008, Petitioner raised three issues on appeal: (1) the state presented insufficient evidence to support the jury's finding that the aggravated assault was a dangerous offense; (2) the Superior Court applied an incorrect sentencing range of ten to twenty years in enhancing his sentence; and (3) the Superior Court relied on improper aggravating factors in

---

[2] Prior to trial, Count One of the indictment was dismissed without prejudice. (Doc. 9-1 at 3.)

[3] While Petitioner articulates numerous challenges to the state courts' actions throughout his criminal proceedings, he does not appear to contest the Arizona Court of Appeals' recitation of the facts. Therefore, the Court presumes the state court's factual determinations are correct because Petitioner has not "rebut[ed] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

imposing his sentence. (Doc. 9-1, Exh. C.) In a memorandum decision filed on June 24, 2009, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. (Doc. 9-1, Exh. A.) Petitioner did not seek review of the decision by the Arizona Supreme Court, and mandate was issued on August 7, 2009. (Doc. 9-1, Exh. D.)

On July 30, 2009, Petitioner filed a timely Notice of Post-Conviction Relief in the Superior Court (Doc. 9-1, Exh. E), and on October 2, 2009, counsel was appointed (Doc. 9-1, Exh. F). On February 22, 2010, Petitioner, through counsel, filed a Petition for Post-Conviction Relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 9-1, Exh. G.) The petition raised one ground for relief; Petitioner alleged that trial counsel had rendered ineffective assistance by inadequately explaining the terms and benefits of a plea offer the state had extended during trial. The Superior Court issued an order on June 8, 2010, in which it denied all relief and dismissed the petition. (Doc. 9-2, Exh. H.) On July 16, 2010, Petitioner, through counsel, sought review of the ruling by the Arizona Court of Appeals. (Doc. 9-2, Exh. I.) On September 16, 2010, the appellate court granted review but denied relief. (Doc. 9-2, Exh. J.) Petitioner did not seek review of the decision by the Arizona Supreme Court. (Doc. 1 at 5.)

Meanwhile, on or about August 16, 2010, Petitioner, proceeding *pro se*, filed a second Notice of Post-Conviction Relief in the Superior Court. (Doc. 1-1 at 68-70; Doc. 9-2, Exh. L.) On November 28, 2011, Petitioner filed a third *pro se* Notice of Post-Conviction Relief and "Appendix." (Doc. 10-3, Exh. R; Doc. 1-1 at 16-98; Doc. 9-3; Doc. 10-1.) On October 18, 2012, the Superior Court denied relief. (Doc. 10-3, Exh. S.) Petitioner did not seek review of the decision by the Arizona Court of Appeals. (Doc. 1 at 5.)

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 26, 2012. (Doc. 1.) Respondents have filed an Answer (Doc. 9 and 10), and Petitioner has filed a Reply (Doc. 11).

**DISCUSSION**

In the Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for

relief. In Ground One, Petitioner alleges that trial counsel was ineffective when he failed to properly advise him of the terms of a plea offer in violation of the Sixth Amendment. In Ground Two, Petitioner alleges that he was deprived of due process at trial, sentencing, appeal, and post-conviction relief proceedings in violation of the Fourteenth Amendment. In Ground Three, Petitioner alleges his Fifth Amendment rights were violated by a multiplicitous indictment and prosecutorial misconduct. Lastly, in Ground Four, Petitioner argues that the cumulative impact of errors at Petitioner's trial, including violations of the canons of judicial conduct, admission of improper testimony, and misapplication of the Revised Arizona Jury Instructions, violated his right to present a complete defense.

In their Answer, Respondents contend that Petitioner's habeas petition is time-barred. Respondents alternatively argue that the state courts did not unreasonably apply federal law in resolving Petitioner's ineffective assistance of counsel claim in Ground One, and Grounds Two through Four are procedurally barred. In his Reply, Petitioner essentially argues that he was diligent in bringing his claims, he is not at fault for the delay in filing his petition or exhausting issues before the state court, and that he received ineffective assistance of counsel at every critical state of proceedings.

For the reasons that follow, the Court finds that the habeas petition is barred by the statute of limitations, and will therefore recommend that it be denied on that basis.

**I.    Legal Standard**

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[4] 28 U.S.C. § 2244. The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244. The statute provides:

---

[4] The AEDPA applies only to those cases that were filed after its effective date (April 24, 1996). See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).

4

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The one-year limitation period under AEDPA is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). See also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). See also Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). See also Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (recognizing that

AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). A petitioner is entitled to equitable tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. Holland v. Florida, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S, 408, 418 (2005)); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (generally, equitable tolling may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)).

**II.     Application**

Petitioner was sentenced on June 3, 2008, and timely filed a direct appeal. On June 24, 2009, the Arizona Court of Appeals affirmed the conviction and sentence. Petitioner had 30 days from that date to seek review. See Ariz. R. Crim. P. 31.19(a). Because no petition for review was filed in the Arizona Supreme Court, Petitioner's judgment became final on July 24, 2009 within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires"). Absent any tolling, the one-year limitations period would have commenced on July 25, 2009.

**A.     Statutory Tolling of the Limitations Period**

The limitations period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2), when Petitioner timely filed his first Notice of Post-Conviction Relief on July 30, 2009. See Ariz. R. Crim. P. 32.2(a). Petitioner filed his Petition for Post-Conviction Relief on February 22, 2010. See Ariz. R. Crim. P. 32.4(c). Petitioner's *properly filed* application remained pending until the Superior Court's subsequent denial of the petition was

1  affirmed by the Arizona Court of Appeals on September 16, 2010. See 28 U.S.C. § 2244(d)(2). Because no petition for review was filed in the Arizona Supreme Court, the limitations period commenced on October 17, 2010, the date following the expiration of the time to seek such review. See Ariz. R. Crim. P. 32.9(g), 31.19(a). The statute of limitations continued to run uninterrupted for one year, until October 17, 2011.

Unlike the 2009 notice, Petitioner's third notice of post-conviction relief, filed on November 28, 2011, was not "properly filed," and did not statutorily toll the one-year limitations period. [5] (Doc. 9-3, 10-1.) "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the time limits upon its delivery...." Artuz v. Bennett, 531 U.S. 4, 8 (2000). If a petitioner files an application after the generally applicable state time limit, the application may nonetheless be considered "properly filed" if it fits within any exception to that limit. Pace v. DiGuglielmo, 544 U.S. at 413. See also Hemmerle v. Schriro, 495 F.3d 1069, 1074 (9th Cir. 2007) ("[W]here notice is filed in conformity with the pertinent Arizona statutory provisions and contains a specific prayer for relief ..., 'it is sufficient to toll the AEDPA statute of limitations.'") (quoting Isley v. Ariz. Dep't of Corr., 383 F.3d at 1056). "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414 (internal brackets and quotation marks omitted).

In Arizona, notices for post-conviction relief (other than in "of-right" or capital proceedings) "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Ariz. R. Crim. P. 32.4(a). In the event that a notice is not timely filed, Rule 32.2(b) of the Arizona Rules of Criminal Procedure sets forth conditions for

---

[5]  Neither the parties nor the record reveals the Superior Court's ruling on the second notice for post-conviction relief filed on August 16, 2010. (Doc. 9-2, Exh. L.) Because that issue is not raised by the parties, nor does the record compel a contrary conclusion, the Court does not find that the second notice served to toll the limitations period.

1  filing, which if met, excludes the claims contained in the untimely notice from
2  preclusion. See Pace, 544 U.S. at 413-14 (comparing conditions of filing with conditions
3  of relief) (citing Artuz v. Bennet, 531 U.S. at 11). This rule may permit an untimely or
4  successive petition if a petitioner can establish (1) he "is being held in custody after the
5  sentence imposed has expired," (2) "[n]ewly discovered material facts probably exist and
6  such facts probably would have changed the verdict or sentence," (3) his "failure to file a
7  timely notice of post-conviction relief of right or notice of appeal within the prescribed
8  time was without fault on the defendant's part," (4) "[t]here has been a significant change
9  in the law ...," or (5) "the facts underlying the claim would be sufficient to establish that
10 no reasonable fact-finder would have found defendant guilty...." Ariz. R. Crim. P.
11 32.2(b), 32.4(a), [6] 32.1(d-h). "[T]he notice of post-conviction relief must set forth the
12 substance of the specific exception and the reasons for not raising the claim in the
13 previous petition or in a timely manner." Ariz. R. Crim. P. 32.2(b).

14  In the instant case, Petitioner's third notice for post-conviction relief was untimely
15 filed. Petitioner filed his third notice more than three years and five months after
16 sentencing, well beyond the 90-day limitation period. Likewise, that notice was filed
17 more than two years and three months after the direct appeal mandate, well beyond the
18 30-day limitation period. Furthermore, the record does not suggest that Petitioner
19 complied with Rule 32.2(b) when he submitted his untimely notice. Although Petitioner
20 used the term "newly discovered evidence" to explain why untimely filing should be
21 excused, see Rule 32.1(e), the circumstances cited were legally insufficient to qualify
22 under that exception. Petitioner merely directed the Superior Court to pretrial hearing
23 transcripts which he had obtained (Doc. 1-1 at 24); while the transcripts may have been
24 newly obtained, they did not present "newly discovered material facts [that] were
25 discovered after the trial." Ariz. R. Crim. P. 32.1(e). See State v. Saenz, 4 P.3d 1030,
26 1033 (Ariz. Ct. App. 2000) ("Evidence is not newly discovered unless it was unknown to

---

[6] "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)" of the Arizona Rules of Criminal Procedure. Ariz. R. Crim. P. 32.4(a).

the trial court, the defendant, or counsel at the time of trial and neither the defendant nor counsel could have known about its existence by the exercise of due diligence.") Therefore, under state law, the third notice for post-conviction relief was untimely and was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). See Pace, 544 U.S. at 414.

This conclusion is supported by the Superior Court's ruling. (Doc. 10-2, Exh. S.) On October 12, 2012, the Superior Court found "that all matters contained in the Petition… are precluded as having been previously ruled upon or untimely filed or the Petition lacks sufficient basis in law and fact to warrant further proceedings herein and no useful purpose would be served by further proceedings."[7] (Doc. 10-2, Exh. S.) In so doing, the Superior Court necessarily found that the notice was untimely because his claims did not satisfy any exception to the time limit for filing. See Ariz. R.Crim. P. 32.2(b) ("If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed."). See also Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Examining the court's words against the backdrop of California law regarding untimeliness, it is clear that the court was denying Bonner's petition as untimely."). This is evident by the *summary dismissal* itself. Rather than allowing Petitioner to file a Petition for Post-Conviction Relief, see Ariz. R.Crim. P. 32.4(c) ("[a] defendant proceeding without counsel shall have sixty days to file a petition from the date the notice is filed or from the date the request for counsel is denied"), the Superior Court relied on the timeliness procedural bar. See Trigueros v. Adams, 658 F.3d

---

[7] The Court notes that the ruling uses the term "petition" rather than "notice." The Court construes this merely as a typical error. The Superior Court previously observed that Petitioner had filed a "Pro-Per Successive Rule 32.1(E) Notice of Post Conviction Relief and Appendix to Successive Rule 31.1 (E) [*sic*] Notice of Post Conviction Relief on November 28, 2011." (Doc. 10-2, Exh. R.) There is no indication that a petition was also filed on November 28, 2011. On the contrary, the notice sought "to allow petitioner to proceed forth and file a 'Successive' Rule-32.5 Petition for Post Conviction Relief." (Doc. 1-1 at 28-29.)

983, 991 (9th Cir. 2011). The effect of the timeliness ruling is not altered because the decision may have also summarily offered an alternative basis for its ruling. See Bonner v. Carey, 658 F.3d at 1149; Pace, 544 U.S. at 413-414 (citing Carey v. Saffold, 536 U.S. 214 (2002)). Accordingly, because the third notice was filed after the time limit, and did not fit within any exceptions to that limit, it was not "properly filed" and does not toll the limitations period under § 2244(d)(2). See Pace, 544 U.S. at 414, 417 ("it must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'"); Trigueros, 658 F.3d at 988 ("An untimely state petition is not 'properly filed' and does not trigger statutory tolling under AEDPA.").

### B.   Equitable Tolling of the Limitations Period

Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling. To the extent Petitioner asserts that his lack of counsel should excuse his untimely filing (see Doc. 11 at 2-3), his argument is unavailing. Petitioner's *pro se* status, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). See also Robinson v. Kramer, 588 F.3d 1212, 1216 (9th Cir. 2009) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." (citing Felder v. Johnson, 204 F.3d 168 (5th Cir. 2000)).  In so far as Petitioner contends that "it was not feasibly possible to file a petition... because Petitioner's successive pleading was not ruled on until October 12, 2012" (Doc. 11 at 5), this argument is also without merit. Petitioner filed the instant petition on July 26, 2012, prior to the Superior Court's dismissal of the third notice on October 12, 2012.

Contrary to Petitioner's assertion, he has also not established that he acted with reasonable diligence. (Doc. 11 at 3.) Petitioner has not adequately explained why he filed approximately nine months after the AEDPA deadline expired. For instance, even if Petitioner faced difficulty developing his claims without certain transcripts, "[i]f diligent,

he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009). See also United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (even without access to his case file, petitioner must "at least consult his own memory of the trial proceedings."). He could have outlined "arguments and the facts underlying those arguments on the form habeas petition, and then sought to amend his petition when he got more information." Waldron-Ramsey v. Pacholke, 556 F.3d at 1014. Petitioner "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition almost a year late." Id. at 1013 (citing Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002). Petitioner has not met that burden.

Consequently, the statute of limitations continued to run uninterrupted for one year, until October 17, 2011. Petitioner did not file his federal habeas petition until July 26, 2012, approximately nine months after the limitations period expired. Therefore, the Court finds that the Petition for Writ of Habeas Corpus is untimely and barred by the statute of limitations.

## CONCLUSION

Based on the above analysis, the Court finds that Petitioner's Petition for Writ of Habeas Corpus is barred by the statute of limitations. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

Dated this 26th day of April, 2013.

Honorable Steven P. Logan
United States Magistrate Judge