NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Hursey, Sr., | No. CV-12-01606-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner, Ronnie Hursey, Sr., filed his Petition for Writ of Habeas Corpus on July 26, 2012. Petitioner raised four grounds for relief. Petitioner alleged that 1) trial counsel was ineffective in failing to advise him concerning the terms of a plea offer; 2) he was deprived of due process at trial, sentencing, appeal and post-conviction relief proceedings; 3) his Fifth Amendment rights were violated by a multiplicitous indictment and prosecutorial misconduct; and 4) the cumulative impact of the errors at his trial violated his right to present a complete defense. Respondents answered arguing that Petitioner's Petition for Writ of Habeas Corpus is time barred. Petitioner filed a reply in support of his Petition.

On April 29, 2013 the Magistrate Judge issued his Report and Recommendation finding that Petitioner's Petition for Writ of Habeas Corpus is barred by the statute of limitations because Petitioner did not file his federal habeas petition until approximately nine months after the one-year statute of limitations set out in 28 U.S.C. §2244 had expired.  The Magistrate Judge recommended that the Petition be denied and dismissed

with prejudice. The Magistrate Judge further recommended that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied.

Petitioner filed a document entitled, "Timely Objections to the Magistrate Judges(sic) Report and Recommendation" dated May 8, 2013 and received by this Court on June 4, 2013. In his objections, Petitioner does not contest the lack of timely filing of his Petition but claims that he is entitled to equitable tolling. In the reply he filed in response to Defendants' argument that his Petition was untimely, Petitioner had asserted that lack of counsel should excuse his untimely filing. But the Magistrate Judge noted that this argument is unavailing because Petitioner's *pro se* status, ignorance of the law, or lack of representation during the applicable filing period do not constitute the extraordinary circumstances that will justify equitable tolling. *See, e.g. Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Robinson v. Kramer*, 588 F.3d 1212, 1216 (9th Cir. 2009). The Magistrate Judge also rejected any argument that it was not feasible for Petitioner to timely file his Petition because the state court had not ruled on his third Petition for Post-Conviction Relief until October 2012. Petitioner had filed his Habeas Petition on July 26, 2012. The Superior Court dismissed his third Notice of Post-Conviction of Relief on October 12, 2012, almost three months later. Finally, the Magistrate Judge rejected Petitioner's assertion that he acted with reasonable diligence because Petitioner failed to adequately explain why he filed his Petition approximately nine months after the statute of limitations expired.

Petitioner's 25-page objections cite and quote from numerous cases[1] but Petitioner fails to specifically address how the Magistrate Judge erred in his findings of fact or in

---

[1] Petitioner's objections contain an extended discussion about, and citation to, cases on procedural default, and the requirements of cause and prejudice to excuse a procedural default. The concept of procedural default in federal habeas petitions relates to the requirement for first presenting federal claims to the state court in a procedurally correct manner, e.g. on appeal or in a timely filed Petition for Post-Conviction Relief. Procedural default and circumstances establishing cause and prejudice to excuse such a default are not the standard for equitable tolling of the one-year statute of limitations. The Magistrate Judge correctly described the requirements for equitable tolling in his Report and Recommendation at pages 5 and 6.

1 his legal conclusions. Petitioner has failed to show any grounds for equitable tolling of
2 the statute of limitations because Petitioner has failed to show any extraordinary
3 circumstance that would justify such tolling and has failed to show reasonable diligence.
4      IT IS ORDERED overruling Petitioner's Objections to the Magistrate Judge's
5 Report and Recommendation.
6      IT IS FURTHER ORDERED adopting the Report and Recommendation of the
7 Magistrate Judge as the Order of this Court. (Doc. 14)
8      IT IS FURTHER ORDERED denying and dismissing with prejudice the Petition
9 for Writ of Habeas Corpus because it is barred by the statute of limitations. (Doc. 1)
10      IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to
11 proceed *in forma pauperis* on appeal because the dismissal of the Petition is justified by a
12 plain procedural bar and jurists of reason would not find the procedural ruling debatable.
13      IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

     Dated this 8th day of August, 2013.

_____
Susan R. Bolton
United States District Judge